IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID MAURICE GOMEZ,                          No. C-11-3784 TEH (PR)

        Plaintiff,

    v.                                        ORDER OF SERVICE

A. HEDGEPETH, et al.,

        Defendants.
                                        /

        Plaintiff David Maurice Gomez, a prisoner presently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was transferred from SVSP Administrative Segregation ("Ad-Seg") to the SVSP Correctional Treatment Center ("CTC") Mental Health Crisis Bed ("MCHB") program, where he was housed in a solitary safety cell for most of his MHCB stay, and then to a Department of Mental Health ("DMH") Acute Psychiatric Program ("APP"). Doc. #1 at 2. He also alleges that he was twice administered medication against his will. Doc. #1 at 5. The action

1 is now before the Court for initial screening pursuant to 28 U.S.C.
2 § 1915A.

## I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

## II

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of liberty. Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Mullins v. Oregon, 57 F.3d 789, 795 (9th Cir. 1995). Changes in prison conditions that are so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v.

2

1    Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S.
2    480, 493 (1980) (transfer to mental hospital), and Washington v.
3    Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of
4    psychotropic drugs)). Deprivations that are authorized by state law
5    and are closely related to the expected terms of confinement may
6    also amount to deprivations of a procedurally protected liberty
7    interest if the deprivation imposes an "atypical and significant
8    hardship on the inmate in relation to the ordinary incidents of
9    prison life." Sandin, 515 U.S. at 484. Whether a restraint is
10   "atypical and significant [under Sandin] requires a case-by-case,
11   fact by fact consideration." Ramirez v. Galaza, 334 F.3d 850, 861
12   (9th Cir. 2003).
13        "Within the prison context, a viable claim of First
14   Amendment retaliation entails five basic elements: (1) An assertion
15   that a state actor took some adverse action against an inmate
16   (2) because of (3) that prisoner's protected conduct, and that such
17   action (4) chilled the inmate's exercise of his First Amendment
18   rights, and (5) the action did not reasonably advance a legitimate
19   correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th
20   Cir. 2005) (footnote omitted). The right to file a prison grievance
21   is conduct protected under the First Amendment right to petition the
22   government for redress of grievances, see Hines v. Gomez, 853 F.
23   Supp. 329, 333 (N.D. Cal. 1994), and protects both the filing, see
24   id., and content, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.
25   1995) overruled on other grounds by Shaw v. Murphy, 532 U.S. 223,
26   230 n. 2 (2001)), of prison grievances. The prisoner must allege
27   that he suffered harm, see Resnick v. Hayes, 213 F.3d 443, 449 (9th
28

3

1  Cir. 2000) (holding that a retaliation claim is not actionable
2  unless there is an allegation of harm), but he need not demonstrate
3  a total chilling of his First Amendment rights in order to establish
4  a retaliation claim.  See Rhodes, 408 F.3d at 568-69 (rejecting
5  argument that inmate did not state a claim for relief because he had
6  been able to file inmate grievances and a lawsuit).  "[P]risoners
7  may . . . base retaliation claims on harms that would not raise due
8  process concerns."  Hines v. Gomez, 108 F.3d 265, 269 (9th Cir.
9  1997).

10         Plaintiff alleges that on February 23, 2010, he was
11 transferred from SVSP Ad-Seg to SVSP CTC MHCB, where he was housed
12 in a solitary cell for the majority of his MHCB stay, and then
13 transferred to the APP.  Plaintiff claims that the transfer was in
14 retaliation for Plaintiff informing staff that he planned on filing
15 a staff complaint against his primary clinician, Dr. Tyler.
16 Plaintiff states that the transfer was done without his consent and
17 that he did not meet the qualifications for being housed at MHCB or
18 for admittance into the APP.  Doc. #1 at 4-5.  Plaintiff alleges
19 that the transfer constituted cruel and unusual punishment in
20 violation of the Eighth Amendment because the conditions in the
21 solitary cell and APP differed dramatically from his housing
22 conditions in SVSP Ad-Seg, see Doc. #1 at 17, 22-23, 38, 40-41; that
23 he was not provided procedural due process prior to being
24 transferred, Doc. #1 at 3; and that the Vitek hearings provided
25 during his confinement in the solitary cell where merely a sham,
26 Doc. #1 at 5.  In addition, while housed at MHCB, Plaintiff's due
27 process rights were allegedly violated when he was twice

4

administered Thorazine against his will, Doc. #1 at 5, and his First Amendment rights were violated when Dr. Hamlin subjected Plaintiff to verbal abuse and threats in retaliation for Plaintiff's complaint stating that Dr. Hamlin was a child predator, Doc. #1 at 38-39. Plaintiff alleges that Warden Hedgepeth has enforced a custom or practice that resulted in the aforementioned violations of Plaintiff's constitutional rights.

Liberally construed, Plaintiff's allegations appear to state the following cognizable 42 U.S.C. § 1983 claims: (1) that Plaintiff's due process rights were violated by all named defendants when he was transferred from Ad-Seg to SVSP CTC MHCB and then to APP, (2) that Plaintiff's due process rights were violated by Drs. Kittimongcolporn, Post, and Hamlin when he was administered Thorazine without his consent, and (3) that Plaintiff's First Amendment rights were violated by Drs. Hamlin, Taylor and Gauch.

Plaintiff has not alleged that Ad-Seg doctors Gauch and Tyler, and SVSP Chief Psychiatrist Dr. Wilson were proximately involved in the administration of Thorazine while Plaintiff was housed at MHCB. Accordingly, his due process claim against Drs. Gauch, Tyler and Wilson for involuntary administration of Thorazine is DISMISSED. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The Doe defendants are DISMISSED without prejudice. The use of Doe defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Should

//
//

5

Plaintiff succeed in identifying the unknown defendants, he may, upon a proper showing, move to amend to add them to his complaint. See id.

### III

For the foregoing reasons and for good cause shown:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter, all attachments thereto, and copies of this Order on SVSP Warden Hedgepeth and Drs. Wilson, Gauch, Kittimongcolporn, Post, Hamlin and Tyler. The Clerk also shall serve a copy of this Order on Plaintiff.

2. To expedite the resolution of this case, the Court orders as follows:

   a. No later than ninety (90) days from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than thirty (30) days after Defendants serve Plaintiff with the motion.

c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the

7

Defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

       d.   Defendants shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves them with the opposition.

       e.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

4.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED    <u>04/10/2012</u>                             _____
                                                           THELTON E. HENDERSON
                                                           United States District Judge

G:\PRO-SE\TEH\CR.11\Gomez-11-3874-order of service.wpd