IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ, | No. C-11-3784 TEH (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR HOUSING AND FOR DISCOVERY, GRANTING PLAINTIFF'S MOTIONS TO INTERVIEW WITNESSES AND FOR STATUS OF DEFENDANTS AND DISMISSING CLAIMS AGAINST DEFENDANT KITTIMONGCOLPORN |
| v. | |
| A. HEDGEPETH, et al., | |
| Defendants. | |
| / | Doc. ## 32, 33, 34, 35 |

Plaintiff David Maurice Gomez, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), has filed this civil rights action under 42 U.S.C. § 1983 regarding incidents that took place when he was housed at Salinas Valley State Prison (SVSP). Plaintiff has filed several motions which the Court now addresses.

Plaintiff's first motion, to be housed at a specific penal institution, (Doc. #32), is DENIED. The Court lacks the authority to order the California Department of Correction to house inmates at specific penal institutions.

Plaintiff's next motion, for the status of unserved Defendants Dr. Laura Post and Dr. Kittimongcolporn, (Doc. #34), is granted, in part. On August 3, 2012, the Court requested the Litigation Coordinator at SVSP to file under seal any forwarding address information for these two Defendants. The Litigation Coordinator has filed the requested information under seal

indicating that Dr. Kittimongcolporn's address is unknown and providing the last known address for Dr. Post to the Court and to the United States Marshal. The Court will issue a separate order directing the United States Marshal to serve Dr. Post at her last known address. Plaintiff requests additional time so that he may locate these Defendants himself, if the Litigation Coordinator is unable to do so. The Court denies this request. It would be prejudicial to the served Defendants to delay the adjudication of this case so that Plaintiff may find any unserved Defendants.

In the August 3, 2012 Order, the Court indicated that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, it would dismiss without prejudice the claims against any Defendant that could not be found and served. Therefore, the Court dismisses without prejudice the claims against Dr. Kittimongcolporn.

Also, in the August 3, 2012 Order, the Court ordered that Defendants' counsel respond to Plaintiff's statement that Dr. Tyler was deceased. Counsel has filed a response indicating that Dr. Tyler is not deceased.[1]

Plaintiff next moves to interview potential and relevant witnesses at SVSP, (Doc. #33). Defendants have not responded to this motion, so the Court is not aware if the parties have met and conferred regarding this request.

The scope of discovery is limited to matters "relevant to any party's claim or defense . . . Relevant information need not be

---

[1] In his motion for discovery, Plaintiff indicates that Dr. Wilson passed away approximately two months ago. Counsel for Defendants is requested to file a response indicating if Dr. Wilson is deceased.

2

1  admissible at the trial if the discovery appears reasonably
2  calculated to lead to the discovery of admissible evidence."  Fed.
3  R. Civ. P. 26(b)(1).  Plaintiff has submitted a list of witnesses
4  at SVSP who, he indicates, have personal knowledge of the incidents
5  that are relevant to his civil rights claims.  He also states that
6  the witnesses have indicated they are willing to be interviewed by
7  him in regard to these incidents.

8          The witness list appears to consist of individuals who do
9  have personal knowledge of incidents that give rise to Plaintiff's
10 claims.  Therefore, Plaintiff is entitled to obtain information
11 from them.  Plaintiff requests that he be allowed to interview each
12 witness in person and to ask each witness to submit a declaration
13 supporting Plaintiff's claims.  Because individual interviews may
14 be difficult for SVSP to arrange, Plaintiff may "interview" these
15 witnesses by sending each witness written questions for them to
16 answer in writing with a request for them to write and sign a
17 declaration summarizing their answers.  Therefore, this motion is
18 granted, in part.

19         Finally, Plaintiff moves for discovery of Defendants'
20 records pertaining to their employment, mental health, criminal
21 arrests, discipline and prescribed psychiatric medications, (Doc.
22 #35).  The only information potentially relevant to Plaintiff's
23 claim are Defendants' employment disciplinary records.  Again, it
24 is not clear if the parties have met and conferred to discuss this.
25 Only when the parties have a discovery dispute that they cannot
26 resolve among themselves should they ask the Court to intervene in
27 the discovery process.  The Court does not have the time or
28

3

resources to oversee all discovery and therefore requires that the parties present to it only their very specific disagreements. To promote this goal of addressing only very specific disagreements, federal and local discovery rules require the parties to meet and confer to try to resolve their disagreements before seeking court intervention. <u>See</u> Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Plaintiff may meet and confer with Defendants in writing. If Plaintiff's discovery requests are denied by Defendants and he intends to file a motion to compel, he need only send a meet and confer letter to Defendants to that effect, offering them one last opportunity to provide him with the sought-after information. Therefore, this motion is denied without prejudice.

## CONCLUSION

Accordingly, Plaintiff's motions for housing and for discovery are denied (doc. ##32, 35); Plaintiff's motion to interview witnesses is granted, in part (doc. #33), and Plaintiff's motion for the status of unserved Defendants is granted (doc. #34).

The claims against Defendant Kittimongcolporn are dismissed without prejudice.

IT IS SO ORDERED.

DATED   *11/05/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Gomez-11-3784-Addressing Pl's Motions.wpd

4