1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9

DAVID MAURICE GOMEZ,                    No. C-11-3784 TEH (PR)

10
              Plaintiff,

11
         v.                             ORDER FOR UNITED STATES MARSHAL
12                                       TO SERVE DEFENDANT POST
A. HEDGEPETH, et al.,

13
              Defendants.

14
_____/

15

16

17

18            On April 12, 2012, this Court issued an Order of Service

19   as to Defendants Gauch, Hamlin, Hedgepeth, Kittimongcolporn, Post,

20   Tyler and Wilson.  The summons upon Defendant Post was not returned

21   and the summons upon Defendant Kittimongcolporn was returned

22   unexecuted.  On August 3, 2012, the Court issued an order granting

23   Plaintiff's request to locate the two unserved Defendants.  On

24   September 8, 2012, the Litigation Coordinator at Salinas Valley

25   State Prison (SVSP) filed a declaration under seal providing the

26   last known address for Defendant Post and indicating that Defendant

27   Kittimongcolporn's address was unknown.  The Litigation Coordinator

28   indicated that she notified the United States Marshal of Defendant

Post's last known address.

For the foregoing reasons and for good cause shown:

1.   The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter, all attachments thereto, and copies of this Order and the Order of Service on Defendant Post at the address provided by the SVSP Litigation Coordinator.  The Clerk also shall serve a copy of this Order on Plaintiff.

2.   To expedite the resolution of this case, the Court orders as follows:

a.   No later than sixty (60) days from the date of this Order, Defendant Post shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant Post is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, she shall so inform the Court prior to the date her motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served upon Defendant Post no later than thirty (30) days after she serves Plaintiff with the motion.

c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in

order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).  Defendant Post is ordered to repeat this warning to Plaintiff in her motion for summary judgment.

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  If Defendant Post files a motion to dismiss, she is ordered to repeat this warning to Plaintiff in

that motion.

        d.   Defendant Post shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves her with the opposition.

        e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    3.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

    4.   All communications by Plaintiff with the Court must be served on Defendant Post, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or her counsel.

    5.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).


    IT IS SO ORDERED.

DATED     _11/05/2012_           _____
                                      THELTON E. HENDERSON
                                      United States District Judge

G:\PRO-SE\TEH\CR.11\Gomez-11-3784-Ord of Service on Def Post.wpd

**4**