IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ, | No. C 11-3784 TEH (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANT TYLER'S MOTION TO QUASH SERVICE OF PROCESS, DENYING DEFENDANT TYLER'S MOTION TO DISMISS CLAIMS, GRANTING IN PART, PLAINTIFF'S MOTION TO PLACE DEFENDANT TYLER BACK IN ACTION |
| v. | |
| A. HEDGEPETH, et al., | |
| Defendants. | |
| | Docket Nos. 42, 58 |

I

On August 1, 2011, pro se Plaintiff David Maurice Gomez, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), filed this civil rights complaint against a number of individuals who were employed at SVSP, including Dr. J. Tyler, who was a staff psychologist at SVSP during the time at issue. All Defendants, including Dr. J. Tyler, were served with the complaint and summons. On July 5, 2012, Sara D. Van Loh, Supervising Deputy Attorney General for the State of California, filed a notice and acknowledgment of receipt of complaint and summons on behalf of Defendant Tyler. Doc. #12. On July 20, 2012, Plaintiff filed a notice of the death of Dr. Tyler. Doc. #20. On August 3, 2012, the

Court ordered that Defendants file a status report regarding Dr. Tyler. Doc. #21. On August 8, 2012, Defendants filed a report indicating that Dr. Tyler was not deceased. Doc. #22. However, on October 30, 2012, Defendants filed a document titled, "Update to Court-Ordered Status Report Regarding Defendant Tyler," in which Ms. Van Loh stated that she inadvertently had accepted service on behalf of a person named D. Tyler who is not the individual that Plaintiff named in his complaint. Ms. Van Loh stated that, on October 18, 2012, she was informed that Dr. J. Tyler, who is the named Defendant in this complaint, died several years ago. Doc. #41.

On November 5, 2012, Defendants filed a motion to quash service of process on behalf of Dr. J. Tyler on the grounds that service on her has not been effectuated and the notice of and acknowledgment of receipt of summons and complaint executed by counsel was ineffective.[1] Additionally, they move that the lawsuit against Dr. J. Tyler be dismissed because, under California Civil Procedure Code section 366.2, the limitations period for filing a claim against a deceased individual is one year, and Dr. J. Tyler allegedly died approximately two years ago.[2]

On November 19, 2012, Plaintiff filed a "motion to have Dr. J. Tyler placed back in this civil action and that there be an

---

[1] Counsel is appearing on behalf of Dr. Tyler solely for the purpose of filing the motion to quash and to dismiss.

[2] Section 366.2(a) provides that, "if a person against whom an action may be brought on a liability of the person . . . dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."

2

inquiry into this matter." Doc. #58. Plaintiff argues that the claims against Dr. J. Tyler should not be dismissed because he served the correct Dr. Tyler in August 2011, within one year of her death which, according to Plaintiff, occurred in April 2011, and that he should not be penalized because counsel accepted service on behalf of someone Plaintiff had no intention of serving.

## II

In her declaration in support of the motion to quash, Ms. Van Loh states that, on May 31, 2012, she received a request for representation from Nurse Practitioner D. Tyler of SVSP and that, on June 18, 2012, she executed an acknowledgment of service on behalf of D. Tyler believing that she was the defendant in Plaintiff's lawsuit. Van Loh Dec. at ¶ 2. Ms. Van Loh states that she was unaware and had no reason to know that the "Dr. Tyler" sued by Plaintiff was not the D. Tyler who had requested representation from the Attorney General's Office. Id. Ms. Van Loh also states that, after she reviewed the documents relating to this case in preparation for filing a dispositive motion, she realized that the record referred to a Dr. J. Tyler rather than a D. Tyler. Van Loh Dec. at ¶ 3. After making inquiries, she was told by Defendant Gauche that Dr. J. Tyler, who Plaintiff named as a Defendant in his complaint, had died several years ago. Van Loh Dec. at ¶ 4. Ms. Van Loh states that she has had no communication with Dr. J. Tyler and was not authorized by her to accept service on her behalf. Id.

The Federal Rules of Civil Procedure allow service of process in accordance with the procedures for service of the state

3

where the district court is located. Fed. R. Civ. P. 4(e)(1). Under California law, service by mail is permitted when an acknowledgment of receipt of summons is executed by a defendant and returned to the sender. Cal. Civ. Proc. Code § 415.30(a), (c). Service by mail is deemed complete on the date a written acknowledgment of receipt of summons is executed and then returned to the sender. Cal. Civ. Proc. Code § 415.30(c). Delivery of the summons and complaint to an attorney who is not the designated agent for service of process is ineffective. Wagner v. City of Pasadena, 78 Cal. App. 4th 943, 951 (2000); see also Tandy Corp. v. Superior Court, 117 Cal. App. 3d 911, 913 (1981) (service was not completed because acknowledgment of receipt of summons was not executed and returned by defendant's agent) (citing Cal. Civ. Pro. Code § 415.30(c).

      Because Ms. Van Loh did not accept service and summons on behalf of Dr. J. Tyler, service upon her was not completed. Accordingly, the motion to quash service of process on Defendant Dr. J. Tyler is GRANTED.

      However, this does not mean that the claims against her should be dismissed at this time. Plaintiff argues that, if service on Defendant Dr. J. Tyler is found to be defective, he should be granted the opportunity to remedy it. The Court agrees.

      Plaintiff acknowledges that, under California Civil Procedure Code section 366.2(a), there is a one-year limitations period for filing claims against a deceased individual. However, Plaintiff claims he has met this obligation because he filed his

4

1  complaint in August 2011, before the one-year period had elapsed
2  because Dr. J. Tyler passed away in April 2011.  Ms. Van Loh states
3  she "heard" from another Defendant that Dr. J. Tyler passed away two
4  years ago.

5  The Court is unable to determine the specific date on
6  which Dr. J. Tyler died because neither party submits her
7  authenticated death certificate nor a declaration from an individual
8  with personal knowledge of Dr. J. Tyler's date of death.  In the
9  interests of justice and for this motion only, the Court accepts
10 Plaintiff's representation that he filed this lawsuit against Dr. J.
11 Tyler within the one-year time frame.  Thus, Plaintiff may now serve
12 the proper party.  A proper party in lieu of Dr. J. Tyler would be
13 her successor or the executor, administrator or representative of
14 her estate.  See Anderson v. Thomas, 2011 WL 121578, *1 (E.D. Cal.).
15 Accordingly, Defendants' motion to dismiss the claims against Dr. J.
16 Tyler is DENIED and Plaintiff's motion to have Dr. J. Tyler placed
17 back in this action is GRANTED, IN PART.  Although Dr. J. Tyler
18 cannot be "placed back in this action" because she is deceased, her
19 successor or representative of her estate may be sued in her stead.
20 Also, as indicated below, Plaintiff's motion for an inquiry into
21 this matter is GRANTED.

22 In defense counsel's declaration, she made no mention of
23 knowledge of Dr. J. Tyler's successor or representative.  Counsel
24 for Defendants is directed to conduct a reasonable investigation
25 into the status of Dr. J. Tyler's estate.  If counsel is able to
26 obtain the name and address of the representative of Dr. J. Tyler's

5

estate, counsel shall serve a notice of suggestion of death on both the representative and Plaintiff and file a proof of service reflecting the name and address of the person served. See Fed. R. Civ. P. 25 (procedure for serving suggestion of death). If counsel is unable to obtain information regarding a successor or representative, she shall file a declaration describing the efforts made to comply with this Order. Defendants' counsel is directed to file one or the other of these documents within forty-five days from the filing date of this Order.

At the same time, Plaintiff has a responsibility to inform the Court of the name and address of the appropriate defendant to be served. Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (although incarcerated plaintiff who is proceeding in forma pauperis may rely on service by the Marshal, he should attempt to remedy any apparent defects of which he has knowledge). If the Marshal is unable to effectuate service because the defendant is not where the plaintiff claims, and the plaintiff is so informed, the plaintiff must seek to remedy the situation or face dismissal. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Therefore, Plaintiff must provide the Court with the address of the legal representative of Dr. J. Tyler's estate such that the Marshal is able to effect service upon that individual. Failure to do so within seventy days from the filing date of this Order will result in the dismissal of the claims against Dr. J. Tyler pursuant to Federal Rule of Procedure 4(m) (time limit for

service).

III

For the foregoing reasons:

1. Defendants' motion to quash service of process is GRANTED. (Docket #42).

2. Defendants' motion to dismiss the claims against Dr. J. Tyler is DENIED. (Docket #42).

3. Plaintiff's motion to have Dr. J. Tyler placed back into this action is GRANTED, IN PART.  (Docket #58).

4. Plaintiff's motion for an inquiry is GRANTED.  (Docket #58).

5. Defendants' counsel shall make a reasonable investigation into the status of Dr. J. Tyler's estate and, if a representative is discovered, shall serve a suggestion of death of Dr. J. Tyler in accordance with Federal Rules of Civil Procedure 4 and 25 on the representative.  Within forty-five days of the filing date of this Order, Defendants' counsel shall file either a proof of service reflecting service of the suggestion of death on the representative of Dr. J. Tyler's estate or, if counsel is unable to locate such a representative, a declaration detailing her efforts to comply with this Order.

6. Plaintiff must provide the Court with accurate and current information of the representative of Dr. J. Tyler's estate such that the Marshal is able to effectuate service upon that party. If Plaintiff fails to provide the Court with this information within seventy days of the filing date of this Order, Plaintiff's claims

7

against Dr. J. Tyler will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; the dismissal will be without prejudice to Plaintiff refiling a complaint with such information.

IT IS SO ORDERED.

DATED   _01/28/2013_  

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Gomez 11-3784 Quash Serv Grant.wpd