IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ, | No. C-11-3784 TEH (PR) |
|     Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF LEAVE TO FILE LATE OPPOSITION TO DEFENDANTS' MOTION FOR |
| A. HEDGEPETH, et al., | DISMISSAL AND SUMMARY JUDGMENT |
|     Defendants. | |

      Plaintiff David Maurice Gomez, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), has filed this civil rights action under 42 U.S.C. § 1983 regarding incidents that took place at SVSP. On April 12, 2012, this Court ordered service of Plaintiff's complaint and set a briefing schedule for Defendants to file a dispositive motion. Doc. #5. The briefing schedule required Defendants to file a dispositive motion within ninety days from the date of the Order and for Plaintiff to file an opposition no later than thirty days after Defendants served Plaintiff with the motion.

      After the Court granted several requests by Defendants to extend the time to file their dispositive motion, they filed a motion for dismissal and summary judgment on November 9, 2012. Doc. #49. Plaintiff's opposition was due thirty days later, on December 9, 2012. To date, Plaintiff has not filed an opposition nor has he requested an extension of time in which to do so. In

the interests of justice, the Court grants Plaintiff leave to file his opposition late, but he must file it within thirty days from the date of this Order.

Plaintiff is provided the following warning regarding what he must do to oppose Defendants' motion to dismiss based on lack of exhaustion.

The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of unexhausted claims, albeit without prejudice.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You must set out specific facts that contradict the facts shown in the defendants' declarations and documents and show that you have exhausted your claims in one or more of the following: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents, which are documents accompanied by a declaration showing where they came from and why they are authentic; and (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the

2

matters stated therein.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the unexhausted claims dismissed.

Plaintiff is provided the following warning regarding what he must do to oppose Defendants' motion for summary judgment.

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

## CONCLUSION

Plaintiff is granted leave to file a late opposition to

3

Defendants' motion for dismissal and summary judgment. Plaintiff must file his opposition within thirty days from the date of this Order.

IT IS SO ORDERED.

DATED     *04/03/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Gomez11-3874-Pl LateOpp.wpd