IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MAURICE GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. HEDGEPETH, et al.,<br><br>　　　　Defendants.<br>_____ / | No. C-11-3784 TEH (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR HOUSING, GRANTING MOTION FOR EXTENSION OF TIME TO SERVE WITNESS LISTS<br><br>Doc. ## 127, 130 |

　　　　Plaintiff David Maurice Gomez, a state prisoner presently incarcerated at California State Prison-Sacramento (CSP-Sacramento), filed this civil rights action under 42 U.S.C. § 1983 regarding incidents that took place at Salinas Valley State Prison (SVSP), where he was previously incarcerated. On June 20, 2013, the Court referred the case for settlement proceedings before the Honorable Nandor Vedas and stayed the case pending the outcome of those proceedings. The case did not settle and, on December 19, 2013, the Court issued an Order for the parties to file case management statements.

　　　　On February 7, 2014, the Court issued a Case Management and Scheduling Order which set forth the discovery procedure and briefing schedule for this case. Specifically, the Court granted

Plaintiff's request to obtain discovery by serving written questions on six witnesses at SVSP.  The Court directed Plaintiff to serve his witness list and written questions on or before February 21, 2014.

On February 12, 2014, Plaintiff was transferred from SVSP to CSP-Sacramento.  On March 12, 2014, the Court issued an Order noting that it was unsure if Plaintiff had received the February 7, 2014 Order and directing the parties to file briefs indicating how they were implementing the Case Management Order.

On March 13, 2014, Defendants filed a brief indicating that they had not received Plaintiff's witness list.  On March 14, 2014, Plaintiff filed a brief indicating that he could not serve his witness list on Defendants because his witness list and work product for this case was still at SVSP.  Plaintiff stated that he "ha[d] made multiple attempts to get work-product sent to him," but had not received it yet.  Plaintiff requested help in receiving his files and an extension of time to serve Defendants with his witness list.  On March 24, 2014, Plaintiff filed a request for help indicating that, on March 18, 2014, he had been transported back to SVSP for court proceedings and was about to be returned to CSP-Sacramento.  Plaintiff stated he was "on road non-stop" and "needs this to stop, for he cannot address this action."  The request was signed March 20, 2014.

On March 25, 2014, the Court issued an Order for Defendants to ensure that Plaintiff received his legal papers.  The Court ordered Defendants to ensure that Plaintiff received his files on or before April 8, 2014.  The Court directed Defendants to

2

1  file a notification with the Court indicating the date of
2  Plaintiff's receipt.  The Court directed Plaintiff to serve his
3  witness list on Defendants within fourteen days from the date he
4  received his legal files.
5       Also on March 25, 2014, Plaintiff filed another request
6  for help stating that he remained "unable to receive legal mail or
7  property due to constant transportation."  Subsequently, on April
8  3, 2014, Plaintiff filed a request for extension of time to serve
9  his witness list "because of constant transportation."  Plaintiff
10 indicated that he had been transported back to SVSP on March 18,
11 2014 so that he could appear at criminal proceedings pending
12 against him in Monterey County Superior Court.  Plaintiff states
13 that he returned to CSP-Sacramento on March 20, 2014 and was told
14 that his legal work would go back with him.  Plaintiff states that
15 two of his four boxes of property are still missing.  He "asks the
16 Court to allow him to stay put in one spot for at least 30 days so
17 that he may comply with Court orders."
18      On April 4, 2014, Defendants filed a "notice of
19 compliance" stating that "[c]ounsel for defendants confirmed that
20 [Plaintiff] received all his property from [SVSP] on March 19,
21 2014."  Along with the notice, Defendants submitted memoranda from
22 an SVSP Lieutenant, an SVSP Receiving and Release Sergeant, and an
23 SVSP Property Officer stating that Plaintiff had received all his
24 property and that none of Plaintiff's property remained at SVSP.
25 Defendants also submitted a memorandum from a Property Officer at
26 CSP-Sacramento stating that Plaintiff had received all of his legal
27 property, although, he interviewed Plaintiff and Plaintiff
28

3

continued to believe he was missing two boxes of property.  It therefore appears that Plaintiff will not be receiving any additional legal files from SVSP.  Accordingly, it is time for Plaintiff to implement the Case Management Order.  The Court will grant one last extension of time for him to do so.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1.   Plaintiff's request that the Court allow him to stay at one institution for thirty days is DENIED.  As stated in the Court's prior orders in this action, the Court lacks jurisdiction to order the California Department of Corrections to house inmates at specific penal institutions.

2.   Within twenty-one (21) days from the date of this Order, Plaintiff must serve his witness list, with his introduction and questions for each witness, pursuant to the instructions given in the Court's February 7, 2014 Case Management and Scheduling Order.  No further extensions will be granted.  When Defendants receive Plaintiff's witness list, they shall file a notification with the Court.  The Court shall then issue a revised briefing schedule.

3.   The Court is mindful that Plaintiff may still be undergoing state criminal proceedings in Monterey County Superior Court, making it difficult for him to litigate the instant action. Accordingly, in lieu of serving his witness list at this time, Plaintiff may, within fourteen (14) days of this Order, request a limited stay of this action pending resolution of criminal proceedings.  If Plaintiff requests a limited stay, Defendants are

4

directed to file a response or statement of non-opposition within fourteen (14) days of receipt of the request.

This Order terminates docket numbers 127 and 130.

IT IS SO ORDERED.

DATED  *04/22/2014*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Gomez11-3874-Pl Legal Papers - Part 2.wpd