United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID MAURICE GOMEZ,

                    Plaintiff,

        v.

A. HEDGEPETH, et al.,

                    Defendants.
_____/

No. C-11-3784 TEH (PR)

ORDER REOPENING ACTION; DENYING
MOTION FOR COUNSEL; DENYING
REQUEST FOR INJUNCTIVE RELIEF;
SCHEDULING SUMMARY JUDGMENT

Doc. Nos. 142, 143

        Plaintiff David Maurice Gomez, a state prisoner presently
incarcerated at California State Prison-Sacramento (CSP-SAC), filed
this civil rights action under 42 U.S.C. § 1983 regarding incidents
that took place at Salinas Valley State Prison (SVSP), where he was
previously incarcerated.

        By Order filed May 29, 2014, the Court granted Plaintiff's
request to stay the instant action pending resolution of criminal
proceedings brought against him in Monterey County Superior Court.
In said Order, the Court advised Plaintiff that within thirty days
of the date the criminal proceedings against him were concluded, he
could file a motion asking the Court to lift the stay.

On August 28, 2014, Plaintiff filed a motion to lift the stay stating that criminal proceedings had concluded on August 20, 2014.  Accordingly, good cause appearing, the action will be reopened.

The Court notes that, by Order filed February 7, 2014, the Court granted Plaintiff's request to obtain discovery by serving written questions on six witnesses at SVSP.  Plaintiff was directed to file his written questions within fourteen days of that Order, after which time Defendants were directed to serve the questions and file their dispositive motion.  Plaintiff thereafter received two extensions of time to file his written questions.

On April 23, 2014 and May 5, 2014, Plaintiff filed and served written questions on four witnesses.  By letter filed May 28, 2014, Plaintiff requested copies of said written questions and expressed his intention to prepare questions for the remaining two witnesses.  On May 29, 2014, the Clerk sent Plaintiff copies of his written questions, per his request.  Plaintiff has made no attempt in the interim to file his remaining witness questions.  In any event, Plaintiff was advised in the Court's April 23, 2014 Order that no further extensions would be granted.  It is time for this case to move forward.  Accordingly, the Court will direct Defendants to file their dispositive motion as set forth below.

CONCLUSION

Based on the foregoing, the Court orders as follows:

1.  The Clerk shall reopen the file.

2.  Within fourteen days from the date of this Order, Defendants will serve Plaintiff's questions and their Exhibit A, revised as discussed in the Court's February 7, 2014 Order, on the four witnesses to whom Plaintiff has directed questions.  Defendants

2

shall also file proofs of service with the Court.  If any witness no longer works for the California Department of Corrections and Rehabilitation, Defendants will serve the witness at his or her last known address.

    3.  Within twenty-eight days from the date the witnesses are served, they may provide sworn declarations to Plaintiff and Defendants.

    4.  Within twenty-eight days from the date the declarations are due to be served on Plaintiff and Defendants, whether or not each declaration is served, Defendants shall file a renewed motion to dismiss or for summary judgment, including any relevant information obtained from the declarations.  A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    5.  Within twenty-eight days after Defendants serve Plaintiff with their motion, Plaintiff shall file his opposition with the Court.  Plaintiff must bear in mind the notice and warning

---

[1]  If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).  Such a motion should also incorporate a modified Wyatt notice in light of Albino.  See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

1  regarding summary judgment provided later in this order as he
2  prepares his opposition to any motion for summary judgment.

3          6.   Within fourteen days after Plaintiff files his
4  opposition, Defendants must file a reply.  The motion shall be
5  deemed submitted as of the date the reply brief is due.  No hearing
6  will be held on the motion.

7          7.   All other discovery remains stayed pending resolution
8  of Defendants' motion.

9          8.   Plaintiff is advised that a motion for summary
10 judgment under Rule 56 of the Federal Rules of Civil Procedure will,
11 if granted, end your case.  Rule 56 tells you what you must do in
12 order to oppose a motion for summary judgment.  Generally, summary
13 judgment must be granted when there is no genuine issue of material
14 fact – that is, if there is no real dispute about any fact that
15 would affect the result of your case, the party who asked for
16 summary judgment is entitled to judgment as a matter of law, which
17 will end your case.  When a party you are suing makes a motion for
18 summary judgment that is properly supported by declarations (or
19 other sworn testimony), you cannot simply rely on what your
20 complaint says.  Instead, you must set out specific facts in
21 declarations, depositions, answers to interrogatories, or
22 authenticated documents, as provided in Rule 56(e), that contradict
23 the facts shown in the defendants' declarations and documents and
24 show that there is a genuine issue of material fact for trial.  If
25 you do not submit your own evidence in opposition, summary judgment,
26 if appropriate, may be entered against you.  If summary judgment is
27 granted, your case will be dismissed and there will be no trial.
28 <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc)
   (App. A).

                                    4

(The <u>Rand</u> notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  <u>Woods</u>, 684 F.3d at 939).

9.  For the reasons stated in the Court's prior orders, Plaintiff's new request for appointment of counsel is DENIED.

10.  Finally, Plaintiff's various requests for injunctive relief from his current conditions of confinement at CSP-SAC are DENIED.  Plaintiff is reminded that CSP-SAC is not a party to this action and therefore not under the jurisdiction of this Court. Should Plaintiff seek to bring claims for relief based on events occurring at CSP-SAC, he must do so by filing a new civil action in the United Stated District Court for the Eastern District of California, where CSP-SAC is located.

This Order terminates docket numbers 142 and 143.

IT IS SO ORDERED.


DATED        _October 6, 2014_        _____
                                      **THELTON E. HENDERSON**
                                      **United States District Judge**


G:\PRO-SE\TEH\CR.11\Gomez-11-3874-reopen.wpd